IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>vs.<br><br>JOSHUA DAVID HEAFNER,<br><br>                 Defendant. | CR 23-109-BLG-SPW<br><br>ORDER |

Before the Court is Defendant Joshua David Heafner's Motion in Opposition to the Government's Notice of Intent to Introduce Rule 404(b) evidence. (Doc. 61). The Government responded on March 6, 2025. (Doc. 65). The Motion is fully briefed and ripe for review.

I.    **Background**

Heafner is charged with being a prohibited person in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). The charge arises from an incident on March 14, 2023.

On March 14, 2023, Billings Police Department Officers Hunger and Weber responded to a car accident in downtown Billings near the intersection of North 31st Street and 6th Avenue North. (Doc. 42 at 3; Doc. 47 at 4). When the officers arrived, they observed a silver Volkswagen Passat abandoned in the intersection. (Doc. 48-

1

5). The driver's door was open, and Officer Hunger plainly viewed a pistol and ammunition in the car. (*Id.*). Officer Hunger then interviewed witnesses at the scene and learned that the driver of the abandoned vehicle had fled on foot after the collision. (*Id.*). The witnesses described the driver as a bald, white male wearing baggy clothing. (*Id.*). Officer Hunger searched the vehicle for identifying information and discovered a methadone prescription bottle with Heafner's name. (*Id.*). As a result of this incident, Heafner was charged with being a prohibited person in possession of a firearm and ammunition under § 922(g)(1). (Doc. 1).

On February 24, 2025, the Government gave notice that they intended to introduce 404(b) evidence at trial related to an incident Heafner was involved in on February 11, 2023. (Doc. 58).

On February 11, 2023, Billings Police Department officers responded to a car crash at the intersection of 8th Street West and Avenue F in Billings, Montana. (Doc. 58 at 2). Heafner had failed to yield at a stop sign and collided with another vehicle. (*Id.*). Heafner was removed from his vehicle and transported to St. Vincent's Healthcare for treatment. (*Id.*). BPD officers investigated the crash and learned the car was registered to Heafner's ex-girlfriend, Rebecca Mamel. (*Id.*). After being contacted by police, Mamel advised the officers that Heafner may have been using fentanyl and consented to a search of her vehicle. (*Id.*). Officers located a gabapentin tablet and a Trazadone pill bottle with Heafner's name. (*Id.*). At the

2

hospital, officers obtained a blood sample from Heafner, and a toxicological analysis revealed the presence of methadone in his blood. (*Id.* at 2–3). Heafner was charged with Criminal Endangerment and Driving Under the Influence of a Dangerous Drug in state court (Cause No. DC 23-0596). (*Id.* at 3). That matter is currently pending. (*Id.*).

## II. Legal Standard

Under Rule 404, evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion. Fed. R. Evid. 404(a). This rule is designed to prevent juries from convicting a defendant based on their past actions rather than the evidence related to the current charge. *United States v. Charley*, 1 F.4th 637 (9th Cir. 2021). However, Rule 404(b) permits evidence of prior wrongs or acts to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b).

## III. Discussion

In response to the 404(b) notice, Heafner filed a motion to exclude the evidence related to the February 11 car crash. (Doc. 61). Heafner argues that the evidence should be excluded under Federal Rules of Evidence 402, 403, and 404 because the evidence is irrelevant, more prejudicial than probative, has the potential to mislead the jury, and constitutes improper character evidence. (*Id.* at 3). Heafner

3

also argues that the Government did not provide sufficient notice because the trial was less than a month away when notice was given. (*Id.* at 4).

In response, the Government argues that the evidence should be admitted to establish identity with respect to the charged offense. (Doc. 65 at 1–2). The Government anticipates that Heafner will argue that another individual was driving the Passat on March 14 or that there is not enough evidence to establish that he was driving that day. (*Id.* at 7–8). The Government plans on using the presence of methadone in Heafner's bloodstream on February 11 to prove that he was actively using methadone on March 14. (*Id.* at 8). Alternatively, the Government argues that the prior bad act evidence is admissible because the two events are inextricably intertwined. (*Id.* at 9). Last, the Government contends that the sufficiency of the notice is demonstrated by Heafner's detailed response to the notice. (*Id.*).

This Court will first address whether the evidence is admissible for establishing Heafner's identity, then whether the two events are inextricably intertwined. Last, if necessary, the Court will determine if the Government provided sufficient notice

A.   *Identity*

The Government argues that Heafner's prior methadone use during the car crash on February 11 is relevant to prove that he was driving the Passat on March 14. (Doc. 65 at 7–8). The Government contends that in every criminal case, the

4

defendant's identity is an essential element that must be proven beyond a reasonable doubt. (*Id.* at 7). According to the Government, the presence of methadone in Heafner's bloodstream on February 11 supports the conclusion that Heafner was also using methadone on March 14, which increases the likelihood that he possessed the pill bottle found in the Passat. (*Id.* at 8). Therefore, the toxicology result from February 11 is relevant to the issue of identity. (*Id.*).

When other acts evidence is used to prove identity, "the characteristics of the other crime or act [must] be 'sufficiently distinctive to warrant an inference that the person who committed the act also committed the offense at issue'" *United States v. Luna*, 21 F.3d 874, 878–79 (9th Cir. 1994) (citing *United States v. Perkins*, 937 F.2d 1397, 1400 (9th Cir. 1991)). Whether the other act evidence is sufficiently similar to constitute proof of identity is a question for the jury—to be admissible, the evidence need only support the inference that the same person committed the prior act and offense. *Id.* at 882. "If the characteristics of both the prior offense and the charged offense are not in any way distinctive but are like numerous other crimes committed by persons other than the defendant, no inference of identity can arise. *Perkins*, 937 F.2d at 1400 (quoting *United States v. Powell*, 587 F.3d 443, 448 (9th Cir. 1978)).

Here, the prior bad act is not similar enough to the charged offense nor distinctive enough to be admissible for proving identity.

The similarities between the two acts can be summarized as follows: (1) Heafner got into a vehicle accident, and (2) illicit substances were discovered in the vehicle (the Trazadone pill bottle and gabapentin on February 11 and the methadone pill bottle on March 14). (Doc. 58 at 2; Doc. 65 at 2). However, numerous differences exist between the prior act and the facts underlying the charged offense. Heafner faces different charges based on his February 11 and March 14 conduct. Heafner was charged with criminal endangerment and driving under the influence for his actions on February 11. (Doc. 58 at 3). In contrast, he is currently charged with being a prohibited person in possession of a firearm for his actions on March 14. (Doc. 1). These crimes do not share any common elements. Further, Heafner was discovered in his vehicle on February 11 while he supposedly abandoned the vehicle and fled on foot on March 14. (Doc. 58 at 2; Doc. 48-5). Firearms and ammunition were discovered in the vehicle on March 14 but not on February 11. (Doc. 48-5). A methadone pill bottle was found in the vehicle on March 14, while on February 11, no methadone was discovered in the vehicle. (*Id.*; Doc. 58 at 3).

Further, there is nothing distinctive or unique about Heafner's DUI arrest on February 11 and his alleged conduct on March 14. Montana has one of the highest DUI arrest rates in the country at 450.50 per 100,000 drivers. Kelly Anne Smith, *Worst States for Drunk Driving in 2025*, https://www.forbes.com/advisor/car-insurance/worst-states-for-drunk-driving (last visited March 13, 2025), *available at*

https://perma.cc/XP5Z-3SXK. Driving under the influence is a common crime in Montana, and the characteristics of Heafner's offense "are like numerous other crimes committed by persons other than the defendant." *See Perkins*, 937 F.2d at 1400. The alleged February 11 DUI and the alleged March 14 DUI share generic features that countless other DUI arrests hold in common. There is nothing distinctive about the two incidents that would permit a proper inference of Heafner's identity. As the Ninth Circuit explained in *Luna*, it is improper to infer that two merely similar crimes were committed by the same person because it depends on an inference about character. 21 F.3d at 882.

Here, the prior bad act is only relevant to proving identity because it suggests to the jury that Heafner is the type of person who would drive high while on methadone. Thereby, proving that he was the individual driving the vehicle on March 14 when officers discovered a methadone pill bottle with his name at the scene. This is a clear example of inadmissible propensity evidence.

B.   *Inextricably Intertwined*

The Government alternatively argues that the other act evidence is admissible because it is "inextricably intertwined" with the current charge. (Doc. 65 at 9). They contend that the evidence related to the February 11 car accident must be admitted to explain how the toxicological evidence was obtained in the first place. (*Id.*).

7

There are generally two categories of cases where evidence is inextricably intertwined with the crime with which the defendant is charged. First, courts allow such evidence to be admitted because it constitutes a part of the transaction that serves as the basis for the criminal charge. *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). Second, courts allow other acts evidence to be admitted when it is necessary to do so to permit the prosecutor to offer a coherent story regarding the commission of the crime. *Id.* The second exception to Rule 404(b) is most often invoked in cases where the defendant is being charged with being a felon in possession of a firearm. *Id.* When a defendant is being prosecuted for being a felon in possession of a firearm, evidence concerning other acts that are inextricably intertwined with the charged acts may be admitted. *United States v. Daly*, 974 F.2d 1215, 1217 (9th Cir. 1992). For example, in *Daly*, the district court admitted evidence that Daly was in an eleven-hour shoot-out with police officers prior to being arrested and charged with being a felon in possession. *Id.* The Ninth Circuit found that evidence regarding the shoot-out was necessary to "put Daly's illegal conduct into context and to rebut his claims of self-defense." *Id.*

In this matter, the events of February 11 do not put Heafner's illegal conduct into context. Heafner was charged as a prohibited felon in possession based on his conduct on March 14. (Doc. 1). On that day, he allegedly abandoned his car after getting into an accident, and officers discovered firearms and ammunition along with

8

a methadone pill bottle in the vehicle. (Doc. 48-5). The events from February 11 do not help contextualize the criminal activity that led to the felon in possession charge. No facts from that day form the basis of the charges Heafner faces in this Court. The two events are entirely disconnected. Therefore, the February 11 incident is not admissible as prior bad act evidence that is inextricably intertwined with the current charge.

The prior bad act from February 11 is inadmissible propensity evidence. The Government is attempting to prove that Heafner was under the influence of methadone on March 14 because he was arrested for driving under the influence of methadone on February 11, thereby making it more likely that he was the driver of the Passat on March 14 when Billings Police discovered a methadone pill bottle in the car. This evidence is inadmissible because it does not meet any of the 404(b) exceptions, and it would make a jury more likely to convict Heafner based on his past actions rather than evidence related to his current charge. No analysis of whether the 404(b) notice was sufficient is necessary because the evidence is inadmissible.

///

///

///

## IV. Conclusion

IT IS HEREBY ORDERED that Heafner's Motion to Exclude the 404(b) evidence from February 11, 2023, is GRANTED.

DATED this 14th day of March, 2025

*Susan P. Watters*

SUSAN P. WATTERS
United States District Judge